IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BENJAMIN McBROOM, M35692, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 25-cv-1309-DWD ) |
| ILL. DEPT. OF CORR., JEREMIAH BROWN, | ) ) ) ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Benjamin McBroom, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Lawrence Correctional Center (Lawrence), brings this civil rights action for alleged deprivations of his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA). On September 25, 2025, the Court designated claims sufficient to proceed beyond initial review (Doc. 13), it initiated service of process, and it directed the defendants to respond to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction (Doc. 11). Defendants have responded (Doc. 24). Plaintiff has also filed a Motion to Reconsider the Court's September 25, 2025, Order, and a Motion to Strike Defendant's Response (Doc. 25). Additionally, Plaintiff has filed a Motion for Extension of Time to Reply and for Sanctions. (Doc. 26). For reasons explained in this Order, Plaintiff's Motions (Docs. 11, 22, 25, 26) are all denied.

**Background**

The operative claims from the Complaint are:

**Claim 1:** **Violation of the ADA due to lack of accommodations;**

**Claim 2:** **Violation of the Rehabilitation Act (RA) due to lack of accommodations.**

(Doc. 13 at 6). At the time of service, the Court narrowed Plaintiff's request for injunctive relief as seeking access to a typewriter in his cell. (Doc. 13 at 15-17). Specifically, Plaintiff alleges that the prison is adhering to an improper rule or policy to keep inmates at maximum security prisons from having typewriters in their cells. He claims that without a typewriter he has a limited ability to fill out request slips required to participate in programs and services, he is limited about how he can use his leisure time, and he is limited in his ability to lodge grievances or legal documents with the courts.

**Defendant's Response (Doc. 24)**

Defendant contends that Plaintiff has not demonstrated a likelihood of success on the merits of his claim, particularly because there is evidence of significant typed material via grievances, this lawsuit, and a prior lawsuit in 2024. Defendant also pointed to an apparent willingness to accommodate his needs by reference to a declaration and grievance response from ADA coordinator Katie Bice.[1] In the declaration, Bice indicated that Plaintiff receives typewriter or computer access at the law library, and that he can

---

[1] One of Plaintiff's major recent complaints is that in August of 2025 he attempted to partake in an exam to be considered for a job as an IDOC Law Clerk, but he had significant difficulty because on the day of the exam he was not allowed to type. Bice's response indicates that he waited until the day of the exam to request an accommodation, which was too late, but in the future if he makes an advance request it will be considered. The law library exam itself was not an issue presented in the underlying complaint filed on July 1, 2025, because the exam had not occurred yet.

request more time as needed. In her declaration, Bice indicated that no doctor at the prison has suggested to her that Plaintiff needs any accommodations. (Bice Decl., Doc. 24-1 at ¶ 11). In support of the response, Defendant also submitted an excerpt of Plaintiff's medical records which show that medical staff has discussed and attempted to better understand Plaintiff's right hand injuries. A doctor opined in March of 2025, "I see no evidence on medical exam that IIC would qualify for ADA status on basis of his "R" hand." (Doc. 24-4 at 1). Defendant also provided call pass history and indicated that it reflected nearly forty hours of law library attendance for Plaintiff in the last 5 months. (Doc. 24-2). Based on this evidence, the Defendant contends that Plaintiff has not demonstrated a reasonable likelihood of success on his claims.

Defendant also argues that Plaintiff has not shown the lack of an adequate remedy at law or irreparable harm during the pendency of this case, and his request for a mandatory injunction within the confines of a prison is against the public interest.

## Analysis

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and irreparable harm without the injunctive relief. *See Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). "A movant's likelihood of success on the merits must be strong." *Tully v. Okeson*, 977 F.3d 608, 613 (7th Cir. 2020). While Plaintiff is not required to "show that [he] definitely will win the case…a mere possibility

of success is not enough," and he must make "[a] strong showing that [he] is likely to succeed on the merits." *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). A strong showing typically entails a demonstration of how the applicant intends to prove key elements of his case. *Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762-63 (7th Cir. 2020); *Doe v. University of Southern Indiana*, 43 F.4th 784, 791-92 (7th Cir. 2022) (the court is not required to make inferences in the movant's favor when considering preliminary injunctive relief).

The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. Irreparable harm is harm which cannot be repaired. *Graham v. Med. Mut. Of Ohio*, 130 F.3d 293, 296 (7th Cir. 1998) ("Irreparable harm is harm which cannot be repaired, retrieved, put down again, atoned for. The injury must be of a particular nature, so that compensation in money cannot atone for it."). The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665.

An injunction that seeks an affirmative act by the respondent is a mandatory preliminary injunction and should be sparingly issued. *Mays*, 974 F.3d at 818. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the

harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Under the ADA and RA, a Plaintiff must allege that he is a qualified individual with a disability, who was denied the benefits of the services, programs, or activities at the prison, by reason of his disability. 42 U.S.C. § 12132; 29 U.S.C. § 794(a). The ADA and RA also require a prison to reasonably modify its policies or practices to avoid discrimination based on disability. 28 C.F.R § 35.130(b)(7); 28 C.F.R. §41.53. Practically speaking, the two statutes are the same for purposes of initial review. *See e.g., Shaw v. Kemper*, 52 F.4th 331, 334 (7th Cir. 2022). The Seventh Circuit has recognized that disability discrimination under the RA and the ADA can be "established in three different ways: '(1) the defendant intentionally acted on the basis of the disability, (2) the defendant refused to provide a reasonable modification, or (3) the defendant's rule disproportionally impacts disabled people.'" A.H. by *Holzmueller v. Ill. High School Assoc.*, 881 F.3d 587, 592-93 (7th Cir. 2018). The proper defendant for an ADA or RA claim is the Department of Corrections or the Director. *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012) (the department or the director of the department are appropriate defendants for ADA/RA claims). An inmate seeking money damages under the ADA or RA must also establish that the entity acted with deliberate indifference to his situation. *See e.g., Shaw v. Kemper,* 52 F.4th 331, 334 (7th Cir. 2022) (to recover money damages, plaintiff must identify intentional misconduct, and not mere negligence, by a named defendant); *Bernard v. Ill. Dept. of Corr.*, 2023 WL 2018915 at *7 (N.D. Ill. Feb. 15, 2023) (in

the ADA and RA contexts, courts evaluate knowledge and deliberate indifference attributable to the prison entity).

Here, Plaintiff complains that the prison will not allow him to have a typewriter in his cell, which he contends he needs because of a chronic right hand injury. Defendant provided a recent medical assessment wherein a doctor opined that Plaintiff did not have a hand injury warranting accommodation, which weighs against a finding that he is a qualified individual with a disability. Assuming for sake of argument that Plaintiff has a disability, his argument about typewriter access is akin to the defendant refusing to provide an accommodation, or maintaining a rule that disproportionately impacts a disabled inmate. As to the refusal to provide an accommodation, as the Court noted in the September 25, 2025, Order, a prison is not obligated to provide the preferred accommodation if there are other alternatives. *Hildreth v. Butler*, 960 F.3d 420, 431 (7th Cir. 2020) (finding that a district court was correct to grant summary judgment on an ADA/RA claim about access to a typewriter in Plaintiff's cell where the Plaintiff was still able to draft documents with the accommodations provided of library time and an assistant). Not only is the prison not required to provide a specific accommodation, but Defendant's response provides evidence that Plaintiff has enjoyed ample access to the law library where he can type documents, and he has filed a considerable amount of typed material in this case, in a prior case, and via the prison grievance process[2]. This

---

[2] Plaintiff's 39-page complaint had approximately 25 pages of typed material (Doc. 1), his Motion for a Preliminary Injunction (Doc. 11) had 25 pages of typed material, Defendant produced 27 pages of typed materials in the form of grievances and past litigation documents Plaintiff has filed in recent cases (Doc. 24), and Plaintiff's Motion to Strike was 4-pages typed (Doc. 25).

evidence is plenty to demonstrate that Plaintiff does not currently have a reasonably strong chance of success on the merits of his claims, and thus the Court will not grant injunctive relief.

Furthermore, to the extent that Plaintiff argues the rule against typewriters disproportionately impacts him, the Court does not find that he has a high enough likelihood of success to proceed on this theory to warrant preliminary injunctive relief. *See e.g.*, *Love v. La Voie*, 2025 WL 500216 (7th Cir. 2025) (affirming a district court's denial of a preliminary injunction for an inmate who desired urine testing rather than blood testing as a disability accommodation because there was evidence that the blood testing was necessary to accurately monitor blood levels of prescription drugs). The defendant reasonably contends that typewriters are a safety issue, and that Plaintiff has been afforded considerable law library time where he is able to use a computer or typewriter to meet his drafting needs. At this early phase of the case when weighing the likelihood of success, the Court is not required to make inferences in Plaintiff's favor. At this juncture, the Court is simply not convinced that Plaintiff has identified evidence or potential evidence significant enough to support a likelihood of success on his claim that he needs an in-cell typewriter for legal or leisure purposes.

Plaintiff has expressed a desire to reply to the Defendant's response, but the Court does not find that a reply would be useful to the analysis of the present motion. To the extent that Plaintiff challenges the response based on it naming Latoya Hughes as a respondent rather than the IDOC, the Court finds this detail harmless. Although Hughes was dismissed from the case earlier in favor of IDOC, a proper party for an ADA claim is

the IDOC itself *or* the Director. *Jaros v. Ill. Dept. of Corr.*, 684 F.3d 667, 670 n.2 (7th Cir. 2012) (the department or the director of the department are appropriate defendants for ADA/RA claims). Plaintiff has not suffered any harm by Hughes being listed as the party responding, rather than the brief generically referencing the IDOC. Thus, Plaintiff's desire to file a reply, or his desire to strike the Defendant's Motion for this naming issue do not warrant a delay in ruling here and do not justify any relief. To the extent Plaintiff further takes issue with the timing of the response, the Court already had granted an extension of time for the response to be filed, and the response was filed by that extended deadline.[3] Thus, Plaintiff's Motion to Strike (Doc. 25) is **DENIED.**

On October 29, 2025, Plaintiff suggested in his response to the Defendant's Motion for an Extension of Time that he also sought reconsideration of the Court's September 25, 2025, Order. (Doc. 21, 22). Specifically, he argues that the Court should reconsider the September 25, 2025, Order because it did not mention the motion for a temporary restraining order. Given that the Court has already determined in this Order that there is no basis for a preliminary injunction, there is also no basis for a temporary restraining order. Thus, Plaintiff's Motion to Reconsider (Doc. 22) is **DENIED**.

Finally, on November 14, 2025, Plaintiff filed a Motion for an Extension of Time to Reply and for Sanctions (Doc. 26). In the Motion, Plaintiff claims that he has "not had

---

[3] Plaintiff takes issue with the fact that Defendant IDOC returned an executed waiver on October 1, 2025, making the response deadline October 22, 2025, whereas Warden Brown filed a waiver October 3, 2025, and filed a timely request for extension on October 24, 2025. He complains that it is improper that Brown sought the extension, and then Director Hughes ultimately filed the response to the TRO. While Plaintiff is correct about these small discrepancies in the briefing, these issues do not impact the ability to ultimately address the merits of the issues in dispute, namely the appropriateness of preliminary injunctive relief. Therefore, the Court sees no basis to strike the Defendant's response as untimely or to disregard the contents of the response.

any ability to type since getting the response [d/e 24] on 11/5/25 but need to rebut the lies and hearsay[.]" (Doc. 26 at 1). This contention is plainly a lie as evidenced by Plaintiff's own November 6, 2025, Motion (Doc. 25). On November 6, 2025, Plaintiff typed and submitted his Motion to Strike Hughes' response to his Motion for a Preliminary Injunction. In the Motion, he took time to explicitly quote from Hughes response at document 24. Thus, Plaintiff's own November 6, 2025, submission demonstrates that in his November 14, 2025, submission he has lied. He states in the November 14 submission that he has not had a chance to type since November 5, but he has obviously had a chance to type which he wasted arguing petty technicalities rather than focusing on the merits of his alleged need for accommodations. Plaintiff's lie in pursuit of a preliminary injunction is not well taken, particularly because it is made in a motion where he simultaneously attacks the credibility of his opponent and contends that they should be sanctioned. If anyone deserves a sanction, it is Plaintiff.

Pro se litigants are not held to the same exacting standards as licensed attorneys, but they are still obligated to comply with the Federal Rules of Civil Procedure, including Rule 11. Rule 11(b) requires that factual representations to the Court have evidentiary support. Rule 11 also provides that if the Court determines Rule 11(b) has been violated, then it can impose sanctions on the party that violated the Rule. Plaintiff is hereby warned that if he is found to be in violation of Rule 11(b) at any time as this litigation progresses, he will be sanctioned.

**DISPOSITION**

Plaintiff's Motion for a Preliminary Injunction (Doc. 11) is **DENIED**. Plaintiff's Motion to Reconsider (Doc. 22), Motion to Strike (Doc. 25), and Motion for an Extension (Doc. 26) are also **DENIED**.

**IT IS SO ORDERED.**

Dated: November 15, 2025

DAVID W. DUGAN
United States District Judge