IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| BENJAMIN MCBROOM, M35692, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 25-cv-1309-DWD |
| | ) | |
| ILLINOIS DEPT. OF CORR., | ) | |
| JEREMIAH BROWN, | ) | |
| | ) | |
| Defendants. | | |

**MEMORANDUM AND ORDER**

**DUGAN, District Judge:**

Plaintiff Benjamin McBroom, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Pinckneyville Correctional Center brings this civil rights action to address conditions of his confinement, and more specifically accommodations for his alleged disability. (Doc. 1). Upon review under 28 U.S.C. § 1915A, the Court designated two claims to proceed against IDOC and Warden Jeremiah Brown. (Doc. 13). The Court deferred ruling on Plaintiff's Motion for a Preliminary Injunction seeking accommodation, and Defendants responded to the motion. (Docs. 13, 24). The Court denied Plaintiff's Motion for a Preliminary Injunction (Doc. 27), and Plaintiff is now pursuing an interlocutory appeal of the denial. *McBroom v. IDOC*, Case No. 26-1007 (7th Cir. 2026)[1]. Plaintiff also sought reconsideration of this Court's ruling on the preliminary injunction after having initiated this appeal, but the Court declined due to the active appeal. (Docs. 38, 39).

---

[1] As of the writing of this Order, the appeal has not yet substantively proceeded because the Seventh Circuit is awaiting Plaintiff's payment of the filing fee or application to proceed in forma pauperis.

Meanwhile, the Court found it appropriate to advance this matter to initial discovery on the issue of exhaustion of administrative remedies, an issue that would need to be resolved regardless of the outcome of the appeal. (Doc. 36). Pursuant to that schedule, any dispositive motion on exhaustion was to be filed by April 15, 2026. (*Id.*). Plaintiff has filed several motions in the interim related to early discovery. (Docs. 40, 43). He has also moved to strike the Defendants' answer (Doc. 46). Additionally, the Defendants have moved with withdraw the affirmative defense concerning exhaustion (Doc. 50), and they have moved to strike Plaintiff's discovery concerning exhaustion (Doc. 52). The Court addresses the motions below.

Plaintiff's Motion to Stay pending appeal (Doc. 40) complains that Plaintiff will be unable to meaningfully pursue this matter without injunctive relief of the sort sought in his current pending interlocutory appeal. The Motion also alleges that Plaintiff currently lacks access to many of his legal materials and cannot afford a copy of the complaint or other docket materials in this case due to his indigence. Plaintiff seeks a stay of this matter until the Seventh Circuit addresses his appeal, he again asks this Court to reconsider injunctive relief, and he asks for courtesy copies of the Complaint and docket sheet. None of the relief sought is warranted at this juncture. As to the issue of preliminary injunctive relief, the Court stands by the earlier ruling and will leave further review of that issue to the Seventh Circuit. The Court is not persuaded that Plaintiff is having trouble pursuing his interests in this case because he continues to file ample motions and pleadings, both handwritten and typed. Additionally, more time is not needed for Plaintiff to conduct discovery concerning exhaustion because this affirmative defense has been withdrawn. To the extent Plaintiff seeks copies of documents in this case, he must pay for copies like

any other litigant (including indigent litigants). The Motion to Stay (Doc. 40) is thus **DENIED**.

Plaintiff's Motion for Non-Compliance with Discovery Orders and for Sanctions (Doc. 43) is another attempt to re-litigate the issues presented in the Motion to Stay, and in his earlier Motion for a Preliminary Injunction. The Motion does not adequately describe a discovery violation relative to the Court's initial scheduling order, and it is thus **DENIED**.

Plaintiff has also moved to strike (Doc. 46) the Defendants' answer (Doc. 30) because it provides responses to the facts and issues as identified by the Court in the Order for Service of Process (also known as a Merit Review Order) (Doc. 13). Plaintiff argues that although Local Rule 8.2 explicitly authorizes a response only to the issues identified in the Merit Review Order, that should be interpreted to mean the legal claims the Court allowed to proceed and should not also apply to all of a litigant's factual assertions made in the complaint. Plaintiff argues that if Defendants are allowed to respond solely to the Court's summation of his facts in the Merit Review Order, then he will be deprived of a full and fair answer to his allegations as contemplated by the Federal Rules of Civil Procedure, and that this deprivation will cause him undue hardship, time, and expense in this litigation.

Defendants argue that Plaintiff's Motion to Strike should not be granted because he has not demonstrated any prejudice caused by the format of their response, and he will still be able to fully litigate and develop his claims in this case. (Doc. 48). The Court reviewed Defendants' Answer (Doc. 30), and it observes that the Defendants followed the parameters of Federal Rule 8(b), and also of Local Rule 8.2 in answering the

complaint.  Specifically, Defendants clearly admitted or denied many of the allegations, and also indicated they currently lacked requisite information to yet admit or deny other aspects of the pleadings.  Both the Court's role in initially screening pleadings under 28 U.S.C. § 1915A, and the Court's Local Rule 8.2 limiting the scope of responsive pleadings, are efforts to streamline and manage litigation by pro se litigants that can otherwise quickly become unwieldly and unworkable.  Section 1915A gives the Court authority to screen out claims that lack adequate substance, and Local Rule 8.2 directs the defendants to focus specifically on the allegations that the Court has identified as worthy of deeper scrutiny.  The Court finds in this instance that the Defendants' Answer complies with the spirit of Federal Rule 8(b)(1)-(5), and with Local Rule 8.2.  Specifically, Federal Rule 8(b)(3) allows general denials either by broad form or by specific designation of allegations that are admitted.  The Court finds that the combined effect of the § 1915A Merit Review Order, and the answer under Local Rule 8.2, is that Defendants have generally denied allegations beyond those identified in the Merit Review Order (Doc. 13), and they have otherwise properly addressed the assertions identified by the Merit Review Order in their Answer.  *See e.g., Boyd v. Sheffler*, 2024 WL 1342572 at * 2 (7th Cir. Mar. 29, 2024) (finding that defendants adequately complied with the Local Rule in the Central District of Illinois directing an answer only to the issues identified in the merit review order, and that the Local Rule was appropriate under Federal Rule 83(a)(1)). Accordingly, Plaintiff's Motion to Strike (Doc. 46) is **DENIED**.

Turning to Defendants' Motions, their Motion to Withdraw the Affirmative Defense of Failure to Exhaust Administrative Remedies (Doc. 50) is **GRANTED**.  They also have two motions to strike discovery requests by Plaintiff that are voluminous and

that primarily pertained to exhaustion.  (Docs. 44, 52).  Given that the exhaustion defense

has been withdrawn, it would be a waste of time for the parties to continue to pursue

early discovery tailored to that issue, so the motions to strike will be granted.  Plaintiff

will be free to pursue any of the discovery requests lodged earlier in this case while in the

merits discovery phase of the case, subject to the limitations of the merits discovery

scheduling order.

In sum, Plaintiff's Motions (Docs. 40, 43, 46) are **DENIED**, and Defendants'

Motions (Docs. 44, 50, 52) are **GRANTED**.  A merits discovery schedule will follow.

**SO ORDERED.**

Dated: June 21, 2026

Judge Dugan
Digitally signed
by Judge Dugan
Date: 2026.06.21
16:46:15 -05'00'

_____
DAVID W. DUGAN
United States District Judge